

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 25, 1971

Overruled by H-454
when conflict

Hon. John A. Menefee
County Attorney
Upton County Courthouse
Rankin, Texas 79778

Opinion No. M-870

Re: Liability of a county for
a medical bill of an in-
digent prisoner whose
residence is located in
the county of his incar-
ceration and in the local
county hospital district,
but who was treated out-
side the county and in
another hospital district.

Dear Mr. Menefee:

Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

"I herewith request an opinion as to the
liability of Upton County for the medical bill
and expenses of an indigent prisoner whose resi-
dence is in a hospital district in Upton County
created under the provision of House Bill Number
816, 60th Legislature, Regular Session (Vernon's
Ann.Civ.St. Article 4494Q) in accordance with
Article 9, Section 9 of the Constitution of the
State of Texas. This indigent prisoner was
treated and cared for in a hospital not located
in Upton County, Texas.

"The facts and background of the matter are
as follows:. . .

"Now in view of the foregoing, please answer
the following questions:

"1. Is Upton County liable for the bill
for medical treatment and hospital care of the
indigent prisoner, Francis William Dalgleish?

"In the event the answer to the foregoing
is yes, please answer this question:

-4239-

"2. Can the County place in its budget an item 'for medical care and hospitalization of sick prisoners in county jails' and levy a tax therefor?

"3. In the event the answer to the question number one (1) is no, does the liability for the medical bill lie with the McCamey County Hospital District?"

Your letter relates that the area of Upton County is coextensive with the area of two hospital districts, the McCamey County Hospital District and the Rankin County Hospital District; each of these districts comprise a portion of Upton County.

Your letter, also, in regards to the factual situation states that the indigent prisoner was taken by the Sheriff of Upton County, who had him in his custody, to a doctor for an examination, and that

". . . the doctor informed the sheriff that the prisoner was suffering from a blockage of the kidneys and that if he was not immediately removed to a hospital having proper facilities, this man would most likely die in his cell. The doctor informed the sheriff that the Rankin County Hospital District did not have the facilities and would not admit him or accept him as a patient. In the meantime. . .(t)he sheriff then called (another) doctor. . . and he was informed that the McCamey County Hospital District did not have the facilities in the hospital to treat this patient and that he would not be able to admit him because of the lack of facilities there for the proper treatment. Whereupon, the sheriff made inquiries and was informed that the Odessa Medical Center Hospital in Odessa, Texas (located in Ector County) had the facilities and would accept him. The sheriff of Upton County secured an order from the County Judge of Upton County to transfer the prisoner to the Odessa Medical Center Hospital in Odessa."

You further state that the medical bill incurred indigent prisoner at the Odessa hospital was approximately

At the time of his arrest, the indigent prisoner was a resident of McCamey in Upton County, and of the McCamey County Hospital District. When arrested, he was taken to the Upton County Jail, located in Rankin, Texas, and within the Rankin County Hospital District. His illness was contracted while incarcerated in the County Jail.

Section 9 of Article IX of the Constitution of Texas, as enacted in 1962, provides, in part, that:

"The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts. . ., providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants. . .; providing that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district. . ." (Emphasis added.)

Your letter states that the indigent prisoner was a resident of the McCamey County Hospital District. This District was created by Acts 60th Legislature, Regular Session, 1967, Chapter 183, Page 384 (which is Article 4494q note, Vernon's Civil Statutes). The Act creating the Hospital District provides, in part, as follows:

"Sec. 11. No county or part thereof that has been constituted a part of this hospital district, and no city therein, shall thereafter levy any tax for hospital purposes; and such hospital district shall be deemed to have assumed full responsibility for the furnishing of medical and hospital care for the needy and indigent persons residing in said hospital district from the date taxes are collected for the hospital district." (Emphasis added.)

Article 1037, Texas Code of Criminal Procedure, provides that:

"Each county shall be liable for all expense incurred on account of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or on

habeas corpus or change of venue; in which cases
the county from which the prisoner is brought
shall be liable for the expense of his safe
keeping." (Emphasis added.)

Article 1040, Texas Code of Criminal Procedure, provides,
in part, that:

"For the safe keeping, support and main-
tenance of prisoners confined in jail or under
guard, the sheriff shall be allowed the following
charges:

"
. . .

"3. For necessary medical bill and reason-
able extra compensation for attention to a
prisoner during sickness, such an amount as
the commissioners court of the county where the
prisoner is confined may determine to be just
and proper." (Emphasis added.)

The foregoing Articles 1037 and 1040 are found in Chapter 104 of
the Texas Code of Criminal Procedure, which Chapter is styled
"Costs Paid by Counties."

Several prior Opinions of this Office have held that a
county is liable for the necessary and reasonable medical expenses
incurred by a prisoner during sickness, and that the proper amount
of the charges for such medical treatment is to be determined by
the commissioners court and paid by the county. See, e.g., Attorney
General's Opinions Nos. C-538 (1965), WW-1509 (1962), R-2474 (1951)
and O-4708 (1942). None of these or any other Opinion of this Office
or any decision of any appellate court of this State of which we are
aware, has considered the liability of a county for its indigent
prisoners where a hospital district comprising the whole or a part
of the county and having the powers under consideration, exists.

Attorney General's Opinion No. M-171 (1967) held that a
hospital district, created pursuant to Section 9 of Article IX of
the Constitution of Texas, quoted supra, has the full responsibility
for providing medical and hospital care for indigent residents of
such district and that, when the hospital district cannot adequately
discharge its responsibility to such indigent inhabitant because of
a lack of sufficient hospital facilities, it may send the indigent

to a hospital outside the district and legally pay for such out-of-district expenses.

Attorney General's Opinion No. C-334 (1964) held that a hospital district created pursuant to the foregoing constitutional provision assumes the responsibility for medical care of indigents within its district that was theretofore imposed on the county commissioners court pursuant to Articles 2351 and 4438, Vernon's Civil Statutes.

Attorney General's Opinion No. C-646 (1966) held that Section 9 of Article IX of the Constitution of Texas does not permit a county in which a hospital district is created pursuant thereto to expend tax monies for medical and hospital services.

We are of the opinion that, under the circumstances set forth in your letter, the provisions of Articles 1037 and 1040 of the Texas Code of Criminal Procedure, supra, relating to the liability of a county for medical bills of prisoners, must yield to the express broad language of Section 9 of Article IX of the Constitution of Texas which is underscored, supra, and to the underscored language of the Act creating the McCamey County Hospital District (Article 4494q, note, Vernon's Civil Statutes, supra). The language covers indigents and needy inhabitants, whether or not they are prisoners.

While a county may, by statute, be given authority in certain areas, this authority may, by constitutional provision, be delegated to another entity. See Attorney General's Opinion No. C-334 (1964), supra.

Accordingly, you are advised that, under the particular circumstances set forth in your letter, the McCamey County Hospital District, the district of the residence of the indigent prisoner, is liable for the medical bills incurred in his treatment, notwithstanding the fact that he was a prisoner in the custody of the county sheriff, and further notwithstanding the fact that he was treated outside the boundaries of that Hospital District. Attorney General's Opinion No. M-171 (1967), supra.

As your first question has been answered in the negative, we do not deem it necessary to consider your second question.

Your third question is answered in the affirmative.

## S U M M A R Y

Under the facts presented, and pursuant to Section 9 of Article IX of the Constitution of Texas, the hospital district of which an indigent prisoner held by the Sheriff of the county is a resident is liable for the medical bills incurred in treating the prisoner, when that hospital district did not have adequate facilities for treating him, and the treatment had to be administered in a hospital without the boundaries of the hospital district.

Under the facts presented, the provisions of Articles 1037 and 1040 of the Texas Code of Criminal Procedure relating to county responsibility for the medical bills of prisoners must yield to the broad language of the foregoing constitutional provision, and of the Act creating the hospital district (Article 4494q note, Vernon's Civil Statutes) that was enacted pursuant to such constitutional provision. Its language is comprehensive enough to include all needy and indigent inhabitant residents, whether or not they are prisoners.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Swearingen
John Banks
Fisher Tyler
Sam McDaniel

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant